UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Shandranea Johnson,

        Plaintiff

  v.

Bridget Lopez, et al.,

        Defendants

Case No. 2:24-cv-00098-CDS-EJY

**Order Adopting Magistrate Judge's Report and Recommendation and Closing Case**

[ECF No. 6]

Pro se plaintiff Shandranea Johnson initiated this employment discrimination action by filing an application to proceed *in forma pauperis* and a complaint. ECF Nos. 2; 2-1. On January 13, 2024, Magistrate Judge Elayna J. Youchah ordered Johnson to either pay the $405 filing fee or file a complete application to proceed *in forma pauperis* on or before February 16, 2024. ECF No. 5. Judge Youchah cautioned Johnson that failure to comply with the order would result in a recommendation that the action be dismissed. *Id.* That deadline expired, and Johnson did not file a fully complete application to proceed *in forma pauperis*, pay the full $405 filing fee, or otherwise respond to the court's order. Thus, Judge Youchah issued a report and recommendation that this case be dismissed without prejudice. R&R, ECF No. 6. The deadline for Johnson to object to the R&R was March 12, 2024, and the time to object has passed. *See* 28 U.S.C. § 636(b)(1); LR IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days). Because there are no objections, I am not required to review Judge Youchah's R&R,[1] yet I nonetheless reviewed it and adopt it in full.

---

[1] "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 149–150 (1985).

I.      Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Johnson's claims. As to the third factor, the court can discern no risk of prejudice to defendants here, given that they were never even served in this matter. The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). I find that given Johnson's failure thus far to prosecute her case, no sanction short of dismissal will be effective. Johnson was warned that

failure to comply with court-imposed deadlines would result in dismissal and failed to act. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). Moreover, Johnson had an opportunity to object to the R&R recommending dismissal; but failed to do so. So, the fifth factor also favors dismissal as I do not find that future opportunities or warnings would be effective here. Having thoroughly considered these factors, I find dismissal is appropriate here. Thus, Judge Youchah's recommendation is not clearly erroneous nor contrary to law and I adopt it in full.

II.     Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 6] is adopted** in its entirety.

IT IS FURTHER ORDERED that this action is dismissed without prejudice based on Johnson's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee in compliance with Judge Youchah's January 13, 2024 order.

The Clerk of Court is kindly directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Johnson wishes to pursue her claims, she must file a complaint in a new case and either pay the required filing fee or properly apply for *in forma pauperis* status.

Dated: March 15, 2024

_____
Cristina D. Silva
United States District Judge